IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ELIJAH BOWERS, JR.,

                                                 ORDER

                Petitioner,

                                             10-cv-396-bbc

      v.

BYRAN BARTON,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner David Elijah Bowers, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a previous order, dkt. #7, the court determined that petitioner is unable to prepay the filing fee or make an initial partial payment in accordance with 28 U.S.C. § 1915.

      It is impossible to tell from the petition why petitioner believes he is in custody in violation of federal law. He lists two different criminal cases in his petition, one for battery to a law officer (2001CF934) and one for manufacturing, distributing or delivering cocaine (2001CF136). However, he does not identify a particular decision that he is challenging in either case. Presumably, petitioner is not challenging the underlying convictions for these crimes because they are almost 10 years old. However, according to court records available

1

at the Wisconsin Circuit Court Access Program, http://wcca.wicourts.gov, petitioner's extended supervision may have been revoked in one or both of these cases in October 2008. It may be that petitioner is challenging the decision to revoke his extended supervision, but the petition does not make that clear.

A second problem is that petitioner's grounds for relief make no sense. He says only that "cases is discharge on date and transcripts and evidence." It is impossible to tell from that description what the problem might be. Under the heading for "supporting facts," petitioner says that "the custody violate the 13th Amendment Right and Article VI C2-3." To the extent petitioner believes the Thirteenth Amendment prohibits his confinement, he is wrong. That amendment applies to "slavery" and "involuntary servitude." U.S. Const., amend XIII. It does not apply to "punishment for [a] crime" after the defendant was "duly convicted." Id. See also United States v. Drefke, 707 F.2d 978 (8th Cir. 1983) ("the Thirteenth Amendment . . . is inapplicable where involuntary servitude is imposed as punishment for crime"). Article VI of the Constitution includes the supremacy clause , but that provision could not provide petitioner any relief unless he identified a state law that was responsible for his confinement that also conflicted with a federal law.

The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Rule (c) of the Rules Governing Section 2254 Cases. The "notice pleading" historically permitted

in civil suits is inadequate in habeas cases, because "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir.1996).

I will give petitioner an opportunity to file an amended petition that satisfies this standard. In particular, plaintiff should include the following information in his amended petition:

- **which decision or decisions he is challenging. (In** addition to the case number of the decision, he should identify the date of the decision or decisions and the result of the decision or decisions. If he has a written copy of the decision, he should attach that to his amended petition; if not, he should provide a summary of the decision);

- **why he believes the decision or decisions is incorrect. He** should explain in as much detail as he can how the decision or decisions violated his federal rights.

Finally, petition should omit any request for money damages in his amended petition. In his request for relief, petitioner asks for "release," which is proper for a habeas petition. However, he also asks for $37,000,000. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). If petitioner believes he is entitled to money damages for being held in custody in

3

violation of federal law, he must wait until he has prevailed on his habeas petition before he may seek damages under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

ORDER

IT IS ORDERED that petitioner David Elijah Bowers, Jr. may have until August 25, 2010 to file an amended petition showing that he is in custody in violation of federal law. If petitioner fails to respond by that date, the clerk of court is directed to close the case.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge